[Crim. No. 1318.    First Appellate District, Division Two.—June 9, 1926.]

## THE PEOPLE, Respondent, v. CHARLES W. CLARKE, Appellant.

[1] CRIMINAL LAW—ASSAULT WITH DEADLY WEAPON—PRIOR THREATS —EVIDENCE.—In a prosecution for assault with a deadly weapon, prejudicial error may not be predicated upon the ruling of the trial court with reference to the admission of evidence of prior threats against members of the family living in the house where the alleged assault took place, where after defendant's objection to the inquiry directed to one of the witnesses was overruled said witness answered that he had not heard any such threats, and later in the course of the trial the same inquiry was directed to another witness under examination and all the testimony covering that subject matter was received without any objection on the part of defendant.

---

1. See 8 Cal. Jur. 500.

[2] ID.—PRIOR THREATS—ACTUAL ASSAULT—EVIDENCE.—In a prosecution for assault with a deadly weapon, prior threats to do bodily harm to the prosecuting witness are not an element of the crime; and proof thereof is not essential to a conviction, where the evidence shows that defendant went to a private home and, after kicking in the front door, in a highly excited manner entered the room where the prosecuting witness and others were at their luncheon, that defendant pointed a loaded shotgun directly at the prosecuting witness, who tumbled into a pantry in his haste to escape the threat which the gun itself carried, and that while lying on the floor of the pantry defendant ordered him to get out of there, but defendant was stopped from taking any further action by other members of the family.

(1) 17 C. J., p. 308, n. 59, 60, p. 309, n. 70, p. 322, n. 48, p. 323, n. 56.    (2) 5 C. J., p. 736, n. 45 New.

APPEAL from a judgment of the Superior Court of Alameda County. Fred V. Wood, Judge. Affirmed.

The facts are stated in the opinion of the court.

H. D. Perry, A. Q. Lomba and Hugh K. Forsman for Appellant.

U. S. Webb, Attorney-General, and Emery F. Mitchell for Respondent.

NOURSE, J.—The defendant was convicted following a trial before a jury upon an information charging him with the crime of assault upon the person of Jack Elliott with a deadly weapon. He made a motion for a new trial, which was denied, and from that order and from the judgment which followed the verdict he has appealed upon a typewritten record.

The evidence is that on September 26, 1925, the defendant drove his automobile at a high rate of speed to the home of Elmer Davis in the city of Oakland at about 1 o'clock P. M., while the Davis family, including Jack Elliott, a son-in-law of Elmer Davis, were at their luncheon. The defendant left the motor of his car running and, after kicking in the front door, entered the house carrying a loaded shotgun. As he came toward the kitchen where the members of the family

were gathered they scattered to different parts of the house, leaving Elliott alone in the kitchen. As the defendant came through the hall door into the kitchen carrying the gun he pointed it directly at Elliott, who, in attempting to escape, fell over a chair and into a pantry. As he did so the defendant demanded that he come out, but before anything else occurred two other members of the Davis family had seized the defendant from behind and taken the gun from his possession. The gun used by the defendant was an automatic shotgun loaded with No. 4 shot and having one shell in the chamber and three in the magazine with the safety·off and the gun ready to shoot at the time it was taken from the defendant.

The only explanation of defendant's conduct is that he was the divorced husband of one of the daughters of Elmer Davis and that he was incensed because he had been required to pay alimony to her, and that he was at the time looking for his former wife for the purpose of doing some injury to her, but that he did not threaten nor intend to assault the complaining witness Elliott.

The evidence which we have recited is all uncontroverted and amply sustains the verdict of guilty. In fact it would have been impossible for the jury to have justly returned any other verdict.

In support of the appeal the appellant insists that the verdict should be overturned because there was no evidence showing that the appellant made any threats against Elliott and because evidence was admitted prejudicial to the appellant relating to threats which he had made against members of the Davis family, and particularly against his former wife.

[1] In relation to the second point, it appears that objections were made to inquiries directed to a witness covering alleged threats against the members of the Davis family and that when these objections were overruled the witness answered that he had not heard any such threats. Later in the course of the trial the same inquiry was directed to another witness under examination and all the testimony covering that subject matter was received without any objection on the part of the appellant.

[2] As to the first point the appellant insists that as he did not have Elliott particularly in mind at the time he called at the house and had not previously made any threats against Elliott, the evidence was insufficient to support the verdict. The answer is, of course, that prior threats to do bodily harm were not an element of the crime of assault with a deadly weapon. The evidence is without conflict that the appellant entered the room in a highly excited manner, pointed a loaded shotgun directly at Elliott, who tumbled into a pantry in his haste to escape the threat which the gun itself carried, that while lying upon the floor of the pantry the appellant ordered him to get out of there, but was stopped from taking any further action by other members of the family.

The whole record discloses without the slightest doubt that the appellant was fairly tried and fairly convicted.

Judgment and order affirmed.

Sturtevant, J., and Langdon, P. J., concurred.